UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA M. VANDERBOSSCHE,

       Plaintiff,                        CIVIL ACTION NO. 04-CV-73639-DT

    vs.                              DISTRICT JUDGE BERNARD FRIEDMAN

COMMISSIONER OF            MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

**RECOMMENDATION:** This Court recommends that Defendant's Motion For Summary Judgment be GRANTED, and Plaintiffs Motion for Summary Judgment be DENIED.

## PROCEDURAL HISTORY

This is an action for judicial review of the final decision of the Commissioner of Social Security that the Plaintiff was not entitled to Supplemental Security Income under XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 1381a. The issue for review is whether the Commissioner's decision that the Plaintiff is not disabled was properly supported.

Plaintiff Lisa M. Vanderbossche filed an application for Supplemental Security Income (SSI) on August 28, 2002. (Tr. 49). She alleged she had been disabled since August 1, 2002. *Id.* Plaintiff's claims were denied on December 30, 2002. (Tr. 37). Plaintiff appealed the denial of her claim and received a hearing before Administrative Law Judge (ALJ) Michael F. Wilenkin on March 18, 2004. (Tr. 173). The ALJ denied Plaintiff's claims in an opinion issued on June 8, 2004. (Tr. 19). Plaintiff appealed the ALJ's decision to this court. Both Parties have filed motions for summary judgment.

**MEDICAL HISTORY**

Plaintiff was born on October 10, 1963. (Tr. 49). On July 16, 2002 Plaintiff reported to her physician, Maria Stevens, M.D., that she had difficulty sleeping at night, and fell asleep frequently during the day, sometimes while driving. (Tr. 142). Dr. Stevens diagnosed narcolepsy and recommended that Plaintiff undergo a sleep study. (Tr. 131). Danial J. Sak, D.O. performed a sleep study on Plaintiff on August 27, 2002. (Tr. 107). Dr, Saj Dr. Saks diagnosed severe sleep apnea. (Tr. 108). Dr. Saks noted that Plaintiff's sleep apnea appeared well controlled once she was fitted with a Continuous Positive Airway Pressure (CPAP) machine. (Tr. 108).

On September 13, 2002 Plaintiff was diagnosed with type II diabetes and hypertension. (Tr. 119-120). At that time Plaintiff's physician, Maria Stevens, M.D. stated that Plaintiff should be limited to no more than 20 hours of work per week. *Id.* On October 22, 2002, Dr. Stevens saw Plaintiff again, and concluded that she should be able to return to work. (Tr. 117).

On April 18, 2003 L. Banjeri, M.D. examined Plaintiff at the request of the Michigan Family Independence Agency. (Tr. 149). Dr. Banjeri noted that Plaintiff's home blood sugar readings indicated that her diabetes was not well controlled, but Plaintiff did not show evidence of diabetes related neuropathy, retinopathy, or nephropathy. (Tr. 150-151). Dr. Banjeri noted that although she was obese, Plaintiff had normal strength and range of motion in her spine, legs, and arms, and her mobility was not limited. (Tr. 149-152). Dr. Banjeri did recommend that Plaintiff avoid hazardous environments due to her history of sleep apnea. (Tr. 151).

An MRI of Plaintiff's lumbosacral spine taken on November 13, 2003 showed a herniated disc at L5-S1 with acquired spinal stenosis and some degeneration of the disc space. (Tr. 158). On December 18, 2003 Dayna M. Elfont, D.O. checked a box on a Michigan Family Independence

Agency form entitled "Medical Needs," indicating that she believed Plaintiff would not be able work at any job for an indefinite period. (Tr. 161).

## HEARING TESTIMONY

Plaintiff testified before ALJ Michael F. Wilenkin on March 18, 2004. (Tr. 173). Plaintiff testified that she had been fired from her last job because of her narcolepsy. (Tr. 185). Plaintiff testified that her narcolepsy had improved with medication, but that she still passed out approximately once a week, and that she also suffered from disabling back pain. (Tr. 185, 190). Plaintiff stated that she had suffered from back pain for the preceding ten years, but that her condition had recently worsened. (Tr. 192-3). Plaintiff explained that she had not undergone surgery or significant physical therapy because she lacked health insurance. (Tr. 193-194).

Pauline Pelgram, a vocational expert, also testified at the hearing. (Tr. 216). The ALJ asked the vocational expert to testify about the availability of jobs for a hypothetical person of Plaintiff's age, gender, and educational level who was able to do sedentary work with certain functional limitations. Specifically, she was asked to assume the hypothetical person was unable to work near unprotected heights, operate automotive equipment or dangerous machinery, climb stairs or ladders, walk for a prolonged period, repetitively stoop, squat, crouch, kneel, or bend, or extend or twist her torso in to extreme ranges of motion. (Tr. 204). The vocational expert testified that while this hypothetical person would not be able to perform any of Plaintiff's past work, there would be significant numbers of sedentary jobs in the economy available to her. (Tr. 204).

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) gives this Court jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are

supported by substantial evidence and whether she employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson,* 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)). It is not the function of this court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether substantial evidence supports the Commissioner's decision, the Court must examine the administrative record as a whole. *Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even where substantial evidence also supports the opposite conclusion and the reviewing court would decide the matter differently. *Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999).

## DISCUSSION AND ANALYSIS

The Plaintiff's Social Security disability determination was made in accordance with a five step sequential analysis. In the first four steps, Plaintiff had to show that:

(1) he was not presently engaged in substantial gainful employment; and

(2) he suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) he did not have the residual functional capacity (RFC) to perform his relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(e); 20 C.F.R.. § 416.920(a)-(e). If Plaintiff's impairments prevented her from doing her past work, the Commissioner would, at step five, consider his RFC, age,

education and past work experience to determine if he could perform other work. If she cannot, she would be deemed disabled. 20 C.F.R. § 404.1520(f). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

Plaintiff argues that the ALJ improperly discounted the opinions of two physicians, Drs. Stevens and Elfont, who concluded that Plaintiff was unable to do any work. Other evidence, including Dr. Stevens' own notes from September, 14, 2005, indicate that Plaintiff was able to do at least some work. While the ALJ included the specific functional limitations suggested by Plaintiff's treating physicians, the ALJ rejected the conclusions that Plaintiff was entirely unable to work because they were unsupported by the record as a whole. 20 C.F.R. § 404.1527(d)(2); SSR 96-5p; *see also Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985) (holding that the opinion of a treating physician is entitled to substantial weight only if it is supported by sufficient medical data).

Plaintiff also argues that the ALJ improperly found her allegations of pain not wholly credible. Plaintiff's medical records indicate that she has a herniated disc at the L5-S1 level, with some spinal stenosis. (Tr. 158). While Plaintiff exhibited a limited range of spinal motion and clinical signs of a lumbar pathology in November 2003, Plaintiff did not complain of back pain or show any clinical signs suggesting lumbar pathology during an April 18, 2003 examination. (Tr.

159-151). Plaintiff does not appear to have undergone surgery or physical therapy for her back. In addition, Plaintiff's daily activity report indicates that she is able to do all housework, and that she frequently visits with friends and family members. Given the conflicting nature of the evidence on the record, the ALJ was free to conclude that Plaintiff did not suffer from disabling back pain.

Plaintiff argues that the ALJ improperly failed to include functional limitations stemming from Plaintiff's sleep disorders. While it is clear that Plaintiff has suffered from severe apnea, the record suggests that this condition is well controlled with use of a CPAP machine. (Tr. 108). Plaintiff claims that she continues to have problems with daytime sleepiness and narcolepsy which have not substantially changed despite the fact that her sleep apnea is controlled. However, Plaintiff's subjective complaints are not supported by any objective medical evidence, and conflict with the evidence on the record suggesting that Plaintiff's apnea is now well controlled.

## **RECOMMENDATION**

The Commisioner's decision is supported by substantial evidence. Plaintiff's Motion for Summary Judgment should be DENIED, and. Defendant's Motion for Summary Judgment should be GRANTED.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v.*

*Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: September 29, 2005                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 29, 2005                s/ Lisa C. Bartlett
                                         Courtroom Deputy